ACCEPTED
04-15-00155-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/17/2015 3:12:57 PM
KEITH HOTTLE
CLERK

NO. 04-15-00155-CV

IN THE COURT OF APPEALS
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

08/17/2015 3:12:57 PM

KEITH E. HOTTLE
Clerk

BEXAR COUNTY HOSPITAL DISTRICT d/b/a
UNIVERSITY HEALTH SYSTEM
APPELLANT

VS.

PAUL DOUGLAS HARLAN

APPELLEE

APPEAL FROM THE 150th DISTRICT COURT
BEXAR COUNTY, TEXAS

**APPELLANT'S MOTION FOR REHEARING**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Now comes THE BEXAR COUNTY HOSPITAL DISTRICT d/b/a
UNIVERSITY HEALTH SYSTEM [hereinafter UHS], Appellant in the above-referenced cause, and files this its Motion for Rehearing in response to the Court's Opinion issued on August 5, 2015 and requests that the Court consider the following issues:

**ISSUES ON REHEARING**

1.  **The Court of Appeals erred in considering and relying on, as evidence,**

documents attached to a pleading which were not introduced into evidence, as such documents are not evidence and cannot be used to support the trial court's ruling. Further, the Affidavit and the documents attached to the pleading do not establish compliance with Chapter 74.

2.     The Court of Appeals erred in relying on statements made by counsel as evidence purportedly supported by documents attached to a pleading which were not introduced into evidence and cannot be used to support the trial court's ruling.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This is a health care liability claim filed pursuant to Chapter 74 of the Civil Practice and Remedies Code against UHS and three physicians.(CR 1) UHS sought dismissal of the claim against it because Plaintiff's counsel failed to serve UHS with an expert report as mandated by statute.(CR 20) Plaintiff filed a Response to the Motion and attached documents and an Affidavit to the Response which contained hearsay testimony from co-counsel in New Orleans that the expert report was mailed to counsel for UHS.(CR 23)An evidentiary hearing was held on the Motion on February 24, 2015 and five exhibits were offered and admitted into evidence.(RR 2) The Affidavit attached to Plaintiff's Response was neither offered nor admitted into evidence.(RR 2) The documents attached to Plaintiff's Response were not offered or admitted into evidence by Plaintiff.(RR 2) In fact, Plaintiff's counsel offered no documents into evidence.(RR 8-11) The trial court denied the Motion.(CR 54)

UHS filed an interlocutory appeal asserting that the trial court erred when it

denied the Motion to Dismiss, purportedly based on a "good cause" exception founded on an argument by Plaintiff's counsel that they "thought" they were serving the report on UHS when it was sent to counsel for the University of Texas Health Science Center [hereinafter UTHSC]. UHS' request for oral argument was denied and the case was submitted on Briefs. This Court affirmed the trial court's ruling based on legal theories and legal authorities neither raised nor relied upon by Plaintiff in this appeal. Plaintiff attached a copy of the Affidavit to his Appellee's Brief, and UHS objected to this Court's consideration of the document because it was not introduced in evidence and was not properly before this Court.

This Court rejected UHS' objections, stating that the Affidavit and other attachments were filed with the Court and are contained in the Clerk's Record.(Opinion p. 6) Because these documents were "attached to a pleading," this Court relied on them for support of the trial court's ruling. Contrary to this Court's conclusions, the documents and Affidavit do not establish compliance with Chapter 74. This Court also held that Plaintiff's counsel's argument can be considered "evidence" because no objection was made to the attorney's argument and therefore it is considered "evidence."(Opinion p. 7) On rehearing, UHS asserts that the authorities cited for the first time by this Court are inapplicable and that the new "theory" created by this Court to justify the trial court's erroneous ruling compounds the error and improperly imposes new duties on trial counsel which the

3

Rules of Civil Procedure and the common law do not authorize. Had these arguments been briefed by Plaintiff, or had the request for oral argument been granted, UHS would have had an opportunity to address the arguments which are now raised in this Motion for Rehearing.

The issue on appeal is whether UHS was timely served with the expert report and whether Plaintiff established compliance with Chapter 74. In an Opinion dated August 5, 2015, this Court held that Plaintiff did not satisfy the service requirement imposed by Chapter 74 when it served the expert report on counsel for UTHSC prior to filing suit. (Opinion page 5) This Court further held that, even if the assumption made by Plaintiff's counsel that the UTHSC attorney delivered a copy of the report to UHS' counsel was true, this would not satisfy the "service" requirement of Chapter 74. (Opinion, p. 5)

This Court, however, incorrectly relied on the Affidavit and other documents attached to Plaintiff's Response to the Motion to Dismiss, to support its conclusion that the trial court had a basis for deciding that the report was timely served.(Opinion p. 6) This Court then used the Affidavit and other documents, which were not admitted into evidence, as a basis for requiring UHS' counsel to object to the argument of Plaintiff's counsel "as evidence" because the "evidentiary nature of the statements was apparent." (Opinion p. 7) This Court's reasoning and its reliance on documents attached to a pleading, but never offered

as evidence and never admitted into evidence is flawed. To impose a requirement on counsel to anticipate that a trial court (and an appellate court) may contradict well-established law and rely on documents attached to a pleading as evidence, is error. To then impose a requirement on counsel to object to the argument of counsel at a hearing based on an inference which "may have been made by the trial court" arising out of an Affidavit and other documents attached to a pleading not in evidence, is error. For these reasons, UHS requests that the Court grant its Motion for Rehearing and that the trial court's ruling be reversed.

## ARGUMENT AND AUTHORITIES

1. **The Court of Appeals erred in considering and relying on, as evidence, documents attached to a pleading which were not introduced into evidence, as such documents are not evidence and cannot be used to support the trial court's ruling. Further, the Affidavit and the documents attached to the pleading do not establish compliance with Chapter 74.**

Consideration of this Motion for Rehearing requires application of three well settled principles of law. First, pleadings are not evidence. *Laidlaw Waste Sys v. City of Wilmer*, 904 S.W.2d 656, 660(Tex. 1996); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979); *Hidalgo v. Surety S&L Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971). Instead, pleadings are merely a formal statement or an outline of facts to be established or proved by evidence. *Myers v. Cont'l Panhandle Lines*, 278 S.W.2d 365, 368 (Tex. Civ. App.--Amarillo 1954, no writ). Second, documents attached to pleadings are not evidence unless they are

introduced as such. *Ceramic Tile Int'l, Inc. v. Balusek,* 137 S.W.3d 722, 725 (Tex. App.-- San Antonio 2004, no pet); *Am. Fire & Indem. Co., v. Jones,* 828 S.W.2d 767, 769 (Tex. App.--Texarkana 1992, pet. denied). Third, except as permitted by specific statute or rule, affidavits are not to be used as evidence in contested cases. *Roberts v. Mullen,* 446 S.W.2d 86, 90 (Tex. App.-- Dallas 1969, writ ref'd). This Court's opinion ignores these three well settled principles and, by doing so, imposes a new obligation on counsel to object to an Affidavit attached to a pleading when that Affidavit is not filed in the context of a proceeding in which Affidavits are permitted and when that Affidavit is not offered, introduced or admitted into evidence. This Court's opinion also improperly imposes an obligation on counsel to object to argument of counsel, to avoid a possible "inference" that the substance of an Affidavit not in evidence, may be considered by the trial court as evidence.

The Texas Rules of Civil Procedure set forth situations and circumstances in which Affidavits are appropriate and can be filed and used as evidence. The rules authorize the use of Affidavits in the following situations: summary judgment proceedings (TEX. R. CIV. P. 166a), proof of service (TEX. R. CIV. P. 21a(e)), alleging a corporation (TEX. R. CIV. P. 52), sealing court records (TEX. R. CIV. P. 76a), transferring venue (TEX. R. CIV. P. 86, 87, 88, 258), substituted service (TEX. R. CIV. P. 106(b)), citation by publication (TEX. R. CIV. P. 109, 113), special

appearance (TEX. R. CIV. P. 120a), affidavit of indigency (TEX. R. CIV. P. 145), audit (TEX. R. CIV. P. 172), enforcement of subpoena (TEX. R. CIV. P. 176.8), suit on account (TEX. R. CIV. P. 185), hearing and ruling on objections and assertions of privilege (TEX. R. CIV. P. 193.4), hearing on objections (TEX. R. CIV. P. 199.6), discovery sanctions (TEX. R. CIV. P. 215.6), inability to pay jury fee (TEX. R. CIV. P. 217, 218), challenge to jury array (TEX. R. CIV. P. 221), continuance (TEX. R. CIV. P. 251, 252, 254), jury misconduct (TEX. R. CIV. P. 327), and new trial (TEX. R. CIV. P. 329), among others.

This is not a summary judgment proceeding in which the Rules and the law impose a deadline to file and present Affidavits and to file objections to same. This is not a discovery proceeding in which the rules specify the time within which an Affidavit to support a discovery objection must be filed. Instead, this is a dispositive motion authorized by Chapter 74 which mandates dismissal, "on the motion of the affected physician or health care provider" if an expert report has not been served within the period specified in the statute. TEX. CIV. PRAC. & REM CODE ANN. §74.351 (West).

No Rule of Civil Procedure authorizes the use of affidavits to establish compliance with the expert report requirements of Chapter 74. Further, Chapter 74 does not authorize the use of affidavits to establish compliance with its expert report requirements. TEX. CIV. PRAC. & REM. CODE ANN. Chapter 74 (West).

Therefore, there is no basis for the expectation or requirement that counsel object to an Affidavit filed with a Response to a Motion to Dismiss or to anticipate that the Affidavit might be considered by the Court unless and until the Affidavit is offered into evidence at the hearing. The record reflects that an evidentiary hearing was held in this case, but that the Affidavit or other attachments were not referred to, mentioned or offered into evidence and therefore could not have been considered by the trial court. (RR 8-11)

Because the Affidavit and other documents were attached to a document filed in connection with a proceeding in which Affidavits are not authorized, application of general principles of law should apply such that there is no duty to file an objection to the document at the time it is filed. Instead, in accordance with the three principles outlined above, an objection is not necessary until the Affidavit and other attachments are offered into evidence at the hearing. This never happened. At the evidentiary hearing, the only party to offer evidence was UHS. Plaintiff never offered any documents into evidence.(RR 8-11) Counsel for UHS appropriately relied upon this Court's well considered authority that "instruments attached to pleadings are not evidence unless they are introduced..." and "simply attaching a document to a pleading neither makes the document admissible in evidence, dispenses with proper foundational evidentiary requirement or relieves a litigant of complying with other admissibility requirements." *Ceramic Tile,* 137

S.W.3d at 725.

The Affidavit in question is clearly hearsay.(CR 29) The Affidavit is conclusory and it does not meet the legal requirement that it contain a statement that it is based on personal knowledge of the affiant and that the statements therein are true and correct.(CR 29) *Kerlin v. Arias,* 274 S.W.3d 666, 668 (Tex. 2008). "An affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient." *Humphreys v. Caldwell,* 888 S.W.2d 469, 470 (Tex. 1994) citing *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Burke v. Satterfield,* 525 S.W.2d 950, 955 (Tex.1975).

This Court relies on a conclusory statement in the Affidavit "I certify that [the] expert report prepared by Dr. Buch as well as his curriculum vitae were deposited by me in the mail, postpaid and properly addressed to be received by [the Hospital's attorney.]"(Opinion p. 3) This statement does not indicate the *date* that the report was allegedly mailed and does not establish compliance with the statute. The documents attached lacked proper foundation because they are not shown to be true and correct copies of what they purport to be. None of the documents attached to the Response specifically provide a date upon which the expert report was allegedly sent to UHS before the deadline passed.(CR 27-52) Plaintiff's counsel has never provided any court with a copy of a letter sent to UHS' counsel

9

before the December 19, 2004 deadline which indicates a copy of the report was enclosed. (CR 27-52) The only letters provided by Plaintiff's counsel which attached an expert report and which are dated before January 5, 2015, are letters addressed to counsel for UTHSC.(CR 27-52) This Court has correctly determined that providing the report to UTHSC's attorney did not satisfy the Chapter 74 requirements as to UHS.(Opinion p. 5)

Plaintiff's New Orleans counsel's conclusory and defective Affidavit does not establish the date upon which the expert report was allegedly sent to counsel for UHS.(CR 29) The reference to the phone conversation in which the "details of the expert report" were discussed does not include any confirmation that the report had been sent to UHS' counsel or confirmation that the report was received.(CR 29) Discussing "the contents" of a report with opposing counsel does not mean that the report has been served, and to infer otherwise is improper. The expert report allegedly sent to counsel for UHS after the Answer was filed, was not sent, as acknowledged by Plaintiff's counsel, by certified mail or other special delivery so that receipt could be confirmed.(RR p.10) In fact, the only documentation to support Plaintiff's claim of delivery of the expert report to UHS' counsel is a copy of a letter sent *after* the deadline expired.(CR 38) UHS did not take the position, and does not take the position that the January 5, 2015 letter and expert report were not received. However, because they were sent and received after the expiration of

the December 19, 2014 deadline, dismissal is mandatory.

Had the Affidavit been offered at the evidentiary hearing, objections would have been made. Had the Affidavit been offered into evidence, objections to the entire document as hearsay; to the conclusory nature of the content of the Affidavit; to the fact that the affiant does not state that his testimony is based on personal knowledge; and to the lack of a statement that the facts stated therein are true and correct, could have (and certainly would have) been made. Had the New Orleans attorney appeared at the hearing, an opportunity to cross examine him as to the veracity of his testimony would have been provided. A cross examination would likely have revealed that he has no documentation to support his claim that the expert report was sent to counsel for UHS prior to the expiration of the deadline; that his usual practice is to send cover letters to lawyers when he is providing statutorily mandated documents; and that he prepared and kept copies of the cover letters sent to UTHSC. A cross examination of New Orleans counsel would also likely have revealed that, during the phone conversation with counsel, there may have been a discussion of his expert's opinions and the details of his expert's report, but that, at no time did he advise counsel for UHS that the report had been sent to her, nor did counsel for UHS acknowledge receipt of a report.

The opportunity for cross examination of the New Orleans attorney as a witness was not provided and instead, this Court has allowed an end-run around

the rules of evidence to permit reliance on a defective Affidavit containing hearsay. Unless and until the Affidavit and documents were offered into evidence, there was no obligation to object, nor was there reason to believe that the trial court would consider the Affidavit and other documents as evidence in light of well settled authority that documents attached to pleadings are not evidence unless offered and admitted into evidence. *Id., Guerinot v. Wetherell*, No. 01-12-00194-CV, 2013 WL 2456741, at *5 (Tex. App. June 6, 2013); *Noble Exploration, Inc. v. Nixon Drilling Co.*, 794 S.W.2d 589, 592 (Tex. App.--Austin 1990, no writ); *Carey Crutcher, Inc. v. Mid-Coast Diesel Services*, 725 S.W.2d 500, 502 (Tex. App.--Corpus Christi 1987, no writ); *Carr v. Central Music Co.*, 494 S.W.2d 280, 281 (Tex. Civ. App.--Austin 1973, no writ); *see also El Paso Field Servs. Mgmt., Inc. v. Lopez*, No. 01–07–00999–CV, 2010 WL 2133885, at *5 n. 6 (Tex. App--Houston [1st Dist.] no pet.) (mem.op.) (refusing to consider evidence attached to motion to modify judgment that was not admitted during hearing on motion).

By relying on the Affidavit and other documents attached to a pleading not offered or admitted into evidence to support its decision, this Court is doing exactly what it contended was improper in *Ceramic Tile*. It is essentially permitting a witness to testify to facts without being subject to cross examination and without providing opposing counsel fair notice and an opportunity to object to the admissibility of the Affidavit and the documents and an opportunity to point out

defects in the Affidavit.

Plaintiff's counsel chose not to bring his New Orleans co-counsel to the evidentiary hearing or allow him to testify and thereby subject him to cross examination. Absent proper cross examination, it is improper to permit the trial court to make a factual determination and to resolve an evidentiary conflict by relying on a hearsay document not offered or received in evidence. This Court's ruling flies in the face of the adversarial nature of litigation and the long accepted reason that hearsay is not admissible. Plaintiff's counsel chose not to offer the Affidavit into evidence, to avoid subjecting it to hearsay and other objections which likely would have been sustained. Plaintiff's counsel chose not to offer the other documents into evidence, to avoid subjecting them to objections. This Court has now permitted Plaintiff's counsel to make inadmissible documents admissible without ever offering the documents into evidence.

This Court's decision will permit lawyers to file and attach affidavits of witnesses who may not withstand cross examination, who may not appear credible for whatever reason, and to rely on this "evidence" without subjecting the witness to cross examination. This Court's decision will permit lawyers to file Affidavits which are not based on personal knowledge and which do not contain a statement that the testimony therein is true and correct, and to require opposing counsel to file objections to every document attached to a pleading. This Court's decision will

permit the use of hearsay testimony when it is otherwise not permitted. This Court's decision will permit the use of evidence which lacks proper foundation, so long as it is attached to a pleading. This Court's reliance of the Affidavit and other documents attached to a pleading to support the trial court's ruling is error and must be corrected.

**2. The Court of Appeals erred in relying on statements made by counsel as evidence purportedly supported by documents attached to a pleading which were not introduced into evidence and cannot be used to support the trial court's ruling.**

To justify the trial court's misapplication of the law regarding service of an expert report by attempting to impose a "good faith effort" standard where not permitted by statute, this Court has concluded that the trial court's ruling is supported not only by documents attached to a pleading not offered or admitted into evidence, but also by argument made by Plaintiff's counsel. This Court has held that this argument is actually "evidence" which should have been objected to, but was not. It relies on *Banda v. Garcia,* 955 S.W.2d 270 (1997) to support this conclusion. Because its reliance on *Banda* is misplaced and because, in order to reach its conclusion, it necessarily refers back to an "inference" that the trial judge was relying on the Affidavits and other documents which were not offered or admitted as evidence, this Court's conclusion that the attorney's argument is sufficient "evidence" is error which must be corrected.

*Banda* is distinguishable because the attorney specifically stated that she was

14

*"testifying to"* the agreement reached between counsel "as an officer of the court." *Id.* (emphasis supplied). Plaintiff's counsel did not advise the trial court or counsel that he was "testifying" to anything.(RR 8-11) He did not invoke his status as an "officer of the court" and he did not make any statements based on personal knowledge which would have put UHS' counsel on notice that his argument could be considered "evidence."(RR 8-11) Such a distinction was recognized by the Court in *Marquez v. Moncada*, 288 S.W.3d 736, 740 (Tex. App.--Houston [1st Dist.] 2012, no pet.) where the 14th Court of Appeals declined to apply *Banda* because "counsel's purported testimony does not consist of factual assertions about a matter for which it is evident that he has personal knowledge."

This Court also cites to a footnote contained in *Northeast Texas Staffing v. Ray*, 330 S.W.3d 1, fn 3 (Tex. App.--Texarkana, no pet.) for support of its holding that counsel's statement is "evidence" which should have been objected to.(Opinion p. 7) This footnote references three cases in which the "obvious" nature of statements by counsel was sufficient to put counsel on notice that evidence is being presented, yet this Court does not cite to these three cases. Review of the cases cited in the footnote reveals that the three cases do not support this Court's holding. In *Russ v. Titus Hosp. Dist.*, 128 S.W.3d 332, 338 (Tec. App.--Texarkana 2004, pet. denied), the Court of Appeals noted "[d]uring the hearing, Russ' counsel offered to testify" but the trial court stated 'he was an officer of the

15

court,' which implied there was no need for counsel to take the stand or be sworn." Under this scenario, one would be hard pressed to claim that it was not apparent that the attorney intended to present her own testimony as evidence. The "evidence" in question was an attorney's explanation of his own state of mind to establish an accident or mistake. *Id.* The same was true in *Moore v. Southerland,* 107 S.W.3d 786, 793 (Tex. App.--Texarkana 2003, pet. denied) (counsel was seeking to prove his own accident or mistake) and in *Knie v. Piskun,* 23 S.W.3d 455, 463 (Tex. App.--Amarillo 2000, pet. denied)(attorney stated "I will take responsibility for that, I didn't realize she had to also file the affidavit" to establish accident or mistake).

In this case, Plaintiff's counsel's argument is not "obviously" evidence and is not argument or statements of his own personal state of mind, his own conduct or his accident or mistake, which would make it clear he was attempting to present evidence. Instead, he argued about what "Mr. Landry" did, which is not a factual assertion of something about which he has personal knowledge. Had such statements been made, counsel for UHS could have, and would have, pointed out that his "evidence" was not based on personal knowledge and that Plaintiff's counsel was not in a position to tell the trial court what, if any, conversation transpired between counsel for UHS and his New Orleans co-counsel. A proper cross examination and objection could then have commenced.

16

In *Banda*, an attorney made statements to the trial court which, from the context of the statements, were clearly based on personal knowledge to establish that she entered into an agreement with opposing counsel to extend a settlement deadline. *Id.* at 272. At the conclusion of her presentation, the attorney stated "as an officer of the court, I can just state under oath what--what I am telling the court and what *my* representations were by [sic] Latham and the understanding *I* had." *Id.* (emphasis added) Unlike the situation before this Court, counsel in *Banda* was clearly talking about her own discussions, conduct and her understanding of the agreement she reached with opposing counsel, and she was providing the Court with factual information about which she had personal knowledge. In the instant case, the Affidavit which was not introduced into evidence and was merely attached to a pleading, was signed by an attorney from New Orleans, and was *not* signed by the attorney making the argument at the hearing.(CR 23; RR).

Further, the attorney who attended the hearing did not argue that "he" sent a copy of the report to counsel for UHS.(RR p. 10) Instead, Plaintiff's counsel argued that "Mr. Landry" sent it and that "he" [Mr. Landry] sent it via standard post. (RR p. 10) This is not argument which would suggest to counsel that it would be considered "evidence" which would put an attorney on notice that evidence is being presented to the trial court in the form of attorney argument. Plaintiff's counsel's argument is not based on personal knowledge as was the case in *Banda*.

Plaintiff's counsel's argument was not preceded with a suggestion that he was or would testify as was the case in *Banda*. At no time did Plaintiff's counsel suggest that he was an officer of the court and that he was telling the Court what *"he"* did or did not do, as was the case in *Banda*. Plaintiff's counsel did not argue that *he* had a conversation with counsel for UHS. He did not argue that *he* sent the expert report via standard post.(RR 8-11)

Application of *Banda* to the facts of this case is misplaced and this Court's reliance on *Banda* has resulted in an erroneous conclusion. This error is further compounded by the fact that the Court has bootstrapped the information contained in an Affidavit and other documents which are not evidence, to support its conclusion that UHS should have objected to the attorney's "testimony." This Court's reliance on the trial court's purported "inference," its alleged consideration of the attorney's argument as "testimony" and its reliance on the Affidavit and exhibits attached thereto indicates an attempt by this Court to affirm the trial court's ruling at any cost. Rehearing must be granted and the Opinion withdrawn.

## CONCLUSION

UHS was entitled to dismissal of the claims against it pursuant to §74.351(a) and (b) of the Civil Practice and Remedies Code. Plaintiff did not establish compliance with the statute. This Court has gone out of its way to find a reason to support the trial court's erroneous ruling, and has even applied new

theories of law not argued by Plaintiff's counsel to do so. By re-writing Appellee's Brief, and applying case law not previously briefed and denying a request for oral argument, this Court deprived UHS' counsel of the opportunity to fully brief and address the issues newly raised by the Court. If this Court's holding stands, lawyers throughout the State will now have to file written objections to every document attached to a pleading because of the possibility that a court may disregard longstanding authority that documents attached to pleadings are not evidence. If this Court's holding stands, the hearsay doctrine will be turned upside down and Affidavits will be used in lieu of testimony in all sorts of cases not contemplated by the law. If this Court's holding stands, attorneys throughout this State will be obligated to object to and attempt to cross examine opposing counsel about any argument made, even if it is not clearly based on personal knowledge or counsel does not otherwise indicate an intent to present testimony. Otherwise, that argument may be considered "evidence" to support a trial court's ruling. This Court must correct these errors to prevent such a sea change in Texas Jurisprudence from occurring.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully requests that its Motion for Rehearing be in all things GRANTED; that the Court withdraw its opinion, reverse the trial court's ruling; that the trial court's order be

reversed and remanded for an evidentiary hearing to determine Appellant's costs and attorneys' fees pursuant to §74.351(b)(1) and that Appellant be granted any additional relief, legal or equitable, to which it may be entitled.

Respectfully submitted,

_____
LAURA A. CAVARETTA
State Bar No. 04022820
CAVARETTA, KATONA & LEIGHNER, PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Phone: 210/588-2901
Fax: 210/588-2908
Cavarettal@ckl-lawyers.com

ATTORNEY FOR APPELLANT
BEXAR COUNTY HOSPITAL DISTRICT
d/b/a UNIVERSITY HEALTH SYSTEM

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP P. 9.4 the undersigned counsel certifies that she relied on a word count computer program in preparing this document, that the font size is 14 point, and that this Appellants' Brief complies with TEX. R. APP. P. 9.4 in that it contains 4,500 words or less, excluding the items noted in Rule 9.4(i)(1). This Motion for Rehearing contains 4,482 words.

_____
Laura A. Cavaretta

## CERTIFICATE OF SERVICE

This is to certify that a correct copy of the above and foregoing has this the 17th day of August 2015 been forwarded to:

Paul Saputo, Jr.                                    *VIA ELECTRONIC FILING SERVICE*
SAPUTO LAW FIRM
2050 N. Stemmons Freeway
Mail Unit 310
Dallas, Texas 75207

paul@saputo-law.com


_____
Laura A. Cavaretta